UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-14017-CIV-SMM
(Consent Case)

**TUNA FAMILY MGMT INC.**, *et al.*,

    Plaintiffs,

v.

**ALL TRUST MANAGEMENT INC.**, *et al.*,

    Defendants.
_____/

### ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER OR TO QUASH NON-PARTY SUBPOENAS

**THIS CAUSE** comes before me upon Defendants' Motion for Protective Order or to Quash Non-Party Subpoenas ("Motion for Protective Order"). (DE 89).[1] I have reviewed the Motion, the response ("Response") (DE 90), and the record in this case. Being otherwise duly advised, the Motion is **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein.

### BACKGROUND

The parties' disputes arise from Plaintiffs' sale of a restaurant business to Defendants in November 2018. DE 83 at ¶¶13-18, 38-44, 53-54. Plaintiffs initially brought this action on January 16, 2020. DE 1. On March 16, 2021, Plaintiffs filed their ten-count Third Amended

---

[1] On May 15, 2020, the parties jointly filed a Consent to Proceed Before United States Magistrate Judge ("Consent"). DE 35. Pursuant to the Consent, United States District Judge Donald M. Middlebrooks issued an Order of Reference referring the case to me for all further proceedings including trial and entry of judgment pursuant to 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73, and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. DE 36.

Complaint, seeking among other things, damages and injunctive relief due to Defendants' alleged breach of a license agreement. DE 83. *See also Tuna Fam. Mgmt Inc. v. All Trust Mgmt. Inc.*, 2021 WL 4775076, at *1 (S.D. Fla. Oct. 13, 2021). For their part, Defendants seek damages and other relief for fifteen (15) counterclaims against Plaintiffs alleging, among other things, that: (1) Plaintiffs misrepresented the financial performance of the restaurant and fraudulently induced Defendants to purchase it; (2) Plaintiffs themselves have violated the licensing agreement; and (3) Plaintiffs have interfered with Defendants' business relationships. DE 84 at 31-79.

Defendants filed their Motion for Protective Order on April 23, 2021 requesting the Court to limit the non-party subpoenas at issue to non-duplicative requests for non-confidential information or quash the non-party subpoenas. DE 89. Defendants also seek reasonable attorneys' fees incurred in pursuing the motion. *Id*. Plaintiffs respond that the subpoenas seek information relevant to the dispute, and Defendants' objections lack merit. DE 90.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 45, a party may issue subpoenas to nonparties to produce documents and information. Fed. R. Civ. P. 45(a)(1)(C). Typically, parties may not move to quash subpoenas due to a lack of standing; however, courts have permitted a party to file such a motion when they allege a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)[2]; *see also Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05CV1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) ("Ordinarily a party does not have standing to quash a subpoena served on a third party unless the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

party seeks to quash based on a personal right or privilege relating to the documents being sought.").

The scope of discovery under a Rule 45 subpoena is the same as that afforded under Rule 26. *Barrington v. Mortg. IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. 2007) (finding that the Court "must determine whether the subpoenas *duces tecum* at issue seek irrelevant information and/or are overly broad under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production") (citations omitted). Federal Rule of Civil Procedure 26(b)(1) provides in pertinent part that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 further provides that a Court may issue for good cause a protective order, including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Rule 45 similarly permits a Court to issue an Order modifying or quashing a subpoena if the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i).

District courts must balance the interests of the litigants in determining whether disclosure is appropriate. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citing, among other cases, *Richards of Rockford, Inc. v. Pac. Gas & Elec. Co.*, 71 F.R.D. 388, 389 (N.D. Cal. 1976) (explaining that striking a balance involves considering "the nature of the proceeding, whether the [target of the discovery request] is a party, whether the information is

available from other sources, and whether the information sought goes to the heart of the claim")). *See also Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 325–27 (S.D. Fla. 1985) (Marcus, J.) (applying a balancing test and stating that "there is no absolute privilege that immunizes trade secrets and similar confidential information from discovery"). Whether disclosure is required rests in the sound discretion of the trial court, and "the party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted." *Paul Gauguin Cruises, Inc. v. eContact, Inc.*, 2010 WL 11558227, at *2 (S.D. Fla. Nov. 2, 2010) (citing *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000)). Indeed, "[a] party requesting a protective order has the burden of demonstrating good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' in order to obtain entry of the protective order." *Rosenbaum v. Becker & Poliakoff, P.A.*, No. 08-CV-81004, 2010 WL 623699, at *2 (S.D. Fla. Feb. 23, 2010) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978)).

## **DISCUSSION**

Even presuming that Defendants have standing[3] to move to quash or limit the subject subpoenas, I find that Defendants fail to carry their burden to demonstrate good cause for a protective order quashing the subpoenas. Nonetheless, I find that the subpoenas at issue are overly broad and disproportional to the needs of the case for the reasons discussed below.

As grounds for their motion, Defendants argue that the information sought by the subpoenas is "mostly duplicative of Plaintiffs' discovery requests to Defendants and will harm Defendants' business relationships and reputation among third parties." DE 89 at 5. Defendants also argue that Plaintiffs are impermissibly circumventing Federal Rules of Civil Procedure 26,

---

[3] Plaintiffs do not argue that Defendants lack standing, and I do not find it necessary to address whether Defendants have standing in order to resolve the parties' instant dispute.

34, and 37 by making cumulative document requests or requesting documents available from Defendants, including confidential business information, without first seeking the documents under Rules 34 or 37. Id. at 3-4 (citing, among other cases, *Grigsby & Assocs., Inc. v. Rice Derivative Holdings, L.P.*, No. 00 CIV. 5056 (RO), 2001 WL 1135620, at *3 (S.D.N.Y. Sept. 26, 2001) (finding that non-party subpoenas sought duplicative information as well as sought information prematurely) and *Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 591 (N.D. Ill. 2020) ("[P]laintiff ought to have pursued discovery from the company he sued before targeting a non-party.")).

Plaintiffs make three arguments in response: (1) Defendants' contention regarding interference with business relationships is without merit: (2) the information sought is relevant; and (3) they are not attempting to make an end-run around Defendants' prior objections.[4] DE 90. Plaintiffs attach the subpoenas to their response, which are addressed to the following parties:

| 1. | Jim Layson | 8. | Florida Department of Revenue |
|---|---|---|---|
| 2. | Jim Martin | 9. | Gravity Payments |
| 3. | Josif Atanasoski | 10. | Morris Williams Realty |
| 4. | Halifax River Partners, LLC | 11. | Prakas Company |
| 5. | Buddy Lacour | 12. | Benefit Mall |
| 6. | Lacour and Company | 13. | Klaris, Thomas & Schroeder |
| 7. | Cheney Brothers | | |

Defendants argue that subpoena Nos. 1-6 and 10-12 are directed to individuals listed in Defendants' witness list or are affiliated/owned by witnesses on Defendants' witness list; therefore, these subpoenas would not be disruptive to Defendants' business relationships. DE 90 at 2-4 (citing DE 90-1 at 88). Defendants also argue that subpoena Nos. 1, 3-6, and 10-12 are directed to individuals and entities involved in the development of Defendants' restaurant called

---

[4] Plaintiffs argue, *inter alia*, that it cannot know which documents exist to compel Defendants to produce documents. DE 90 at 6. Thus, they argue that the purpose for subpoenas is "to capture all relevant documents." *Id.*

5

Fysh Bar & Grill, which is central to Plaintiffs' allegations that Defendants are copying their trademark-protected Twisted Tuna restaurant in opening Fysh Bar & Grill. *Id.* at 3. I agree that the individuals and entities targeted by subpoena Nos. 1-6 and 10-12 would have relevant information. Also, I conclude that, by virtue of being on or affiliated with those on Defendants' witness list, Plaintiffs' interests in obtaining information from those targeted would outweigh a concern as to interference with Defendants' business relationships. I find, however, that the requests for documents are overbroad with respect to subpoena Nos. 1-2 and 10-12 because of language as follows:

1. All communications since 2018 between . . . (DE 90-1 at 9, 15, 68, 74 and 80);
2. Excepting attorney-client privileged communications, your entire file concerning *any* potential restaurant or location . . . (DE 90-1 at 9, 15, 68, 74 and 80) (emphasis added).

Therefore, Plaintiffs should narrow the above requests by targeting the business interests at issue – Twisted Tuna and Fysh Bar & Grill.

With respect to subpoena No. 13, Plaintiffs contend that this entity performed a business appraisal of the restaurant Plaintiffs sold to Defendants on behalf of the Small Business Administration, for which Defendants paid. DE 90 at 4. Plaintiffs argue that the information sought is at the heart of Defendants' counterclaims for fraud alleging that they overpaid for the business. *Id.* Plaintiffs seek communications and material supporting the valuation in addition to the appraisal and argue that it is irrelevant that they received a copy of the appraisal from Defendants. *Id.* Further, Plaintiffs argue that it is difficult to conceive how the subpoena interferes with a business relationship as to a third-party appraisal company. *Id.* I agree that Plaintiffs' interests in disclosure outweighs Defendants' expressed concerns with respect to subpoena No. 13. Plaintiffs' request, however, is overbroad with respect to request number 2 – "*Any*

6

communications with *any* person or entity regarding *any* appraisal . . . from 2018 forward." DE 90-1 at 86 (emphasis added).  Plaintiffs should, therefore, narrow the request to the business interests at issue – Twisted Tuna Port Salerno.

As to subpoena No. 9 to Gravity Payments, Plaintiffs argue that Defendants claim to own collateral owned by others in communication with Gravity Payments and is central to the claim for fraud in this case.  DE 90 at 4.  Further, Plaintiffs argue that they are simply requesting loan documents and communications from Gravity Payments, and "it is difficult to fathom how issuing a subpoena to a third-party bank or loan company would constitute interference with Defendants' business relationships." *Id.* at 4.  Again, I agree that Plaintiffs demonstrate an interest in disclosure that outweighs concerns of privacy or interference raised by Defendants.  Furthermore, to the extent that Defendants seek to further protect confidential information, the parties may stipulate to a protective order or seek intervention from the Court as to a confidentiality agreement for the handling of confidential information during this litigation.  *See Fla. Transp. Serv., Inc. v. Miami-Dade Cty.*, No. 05-22637-CIV, 2008 WL 11403197, at *1 (S.D. Fla. June 30, 2008).  Nonetheless, I find the document request to be overbroad by requesting "[a]ll communication since January 2018," "[a]ll documents which reflect *any* applications for loans," and "[a]ll loan documents for *any* loan provided . . . since January 2018." DE 90-1 at 62.  Plaintiffs should narrow the focus to consistently target the relevant timeframe and to more specifically target a purpose for the financing, which aligns with the business interests at issue.  To this end, the parties should confer and attempt to come to agreement regarding narrowing the requests and seek Court intervention if they are unable to agree.

Regarding subpoena No. 7 to Cheney Brothers, Plaintiffs argue that they believe this entity is involved in proposing kitchen designs to Defendants, which will essentially duplicate the

Twisted Tuna model and, therefore, go to the heart of Plaintiff's claims that Defendants are exceeding the scope of the licensing agreement. DE 90 at 5. Defendants opposed a similar discovery request made directly to them as overly broad because it sought all emails and correspondence since November 2018 without limitation to The Twisted Tuna or the Mark. DE 89-4 at 44. Here, Plaintiffs' subpoena limits requests to documents concerning Fysh Bar and Grill or Twisted Tuna. DE 90-1 at 44-50. Given that the information sought goes to the heart of Plaintiffs claims, I find that Plaintiffs' interest in disclosure outweighs Defendants' interests in maintaining confidentiality and a business relationship with Cheney Brothers as a vendor and that the requests are appropriately limited.

As to subpoena No. 8 to the Florida Department of Revenue, Plaintiffs argue that the documents requested go to damages because the tax returns will demonstrate sales and earnings of Defendants who claim they were damaged in the purchase of the restaurant. DE 90 at 5. Plaintiffs also argue that the subpoena is of a public entity and will not interfere with Defendants' business relationships or operations. *Id.* I agree that Plaintiffs' interest in obtaining 2019 and 2020 sales tax returns for the entity owning the restaurant outweighs Defendants' interest in privacy, which could be addressed through a confidentiality agreement.

Finally, to the extent that Defendants seek attorney's fees under Rule 45 as a sanction, it is denied. Fed. R. Civ. P. 45(d)(1) provides that:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Here, Defendants are not subject to the subpoenas. Furthermore, Defendants have not demonstrated that Plaintiffs' requests impose undue burden or expense on those subject to the

subpoenas. Accordingly, I conclude that awarding attorney's fees as sanctions is not warranted in the present circumstances.

## CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Motion for Protective Order (DE 89) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. With respect to subpoena Nos. 1-2 and 10-12, the Motion for Protective Order is **GRANTED** to the extent that Plaintiffs' requests are overbroad by requesting "[a]ll communications since 2018 between . . ." and the "entire file concerning any potential restaurant or location." Accordingly, Plaintiffs shall narrow their requests to target the business interests at issue – Twisted Tuna and Fysh Bar & Grill;

2. With respect to subpoena Nos. 3-8, the Motion for Protective Order is **DENIED**, and Defendants' objections are **OVERRULED**;

3. With respect to subpoena No. 9, the Motion for Protective Order is **GRANTED** to the extent that Plaintiffs' requests are overbroad by requesting "[a]ll communication since January 2018," "[a]ll documents which reflect any applications for loans," and "[a]ll loan documents for any loan provided . . . since January 2018." Accordingly, Plaintiffs shall narrow the requests to target only the relevant timeframe and to target a purpose for the financing, which aligns with the business interests at issue – Twisted Tuna and Fysh Bar & Grill. To this end, the parties shall immediately confer to attempt to come to agreement regarding narrowing the scope of the requests and shall promptly seek Court intervention if they are unable to agree;

4. With respect to subpoena No. 13, the Motion for Protective Order is **GRANTED** to the extent that Plaintiffs' request is overbroad by requesting "[a]ny communications with any person or entity regarding any appraisal . . . from 2018 forward." Accordingly, Plaintiffs shall narrow the request to the business interests at issue – Twisted Tuna Port Salerno;

5. Defendants' request for attorney's fees is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 19th day of October, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE